UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| 4D LIFE LLC | CIVIL ACTION |
| VERSUS | NO. 20-1458 |
| BARRINGTON PACKAGING SYSTEMS GROUP, INC. | SECTION "R" (4) |

### ORDER AND REASONS

Defendant, Barrington Packaging Systems Group, Inc., moves to dismiss under Federal Rule of Procedure 12(b)(1) and 12(b)(6).[1] Plaintiff, 4D Life LLC, opposes the motions.[2] Because the jurisdictional question is intertwined with the merits, and because both parties submitted evidence outside the pleadings, the Court converts the motions into a Rule 56 motion for summary judgment. For the reasons that follow, the Court finds that there are genuine disputes of material fact and denies both of Barrington's motions.

---

[1]   R. Doc. 7.
[2]   R. Doc. 17.

I.   BACKGROUND

This case arises from a dispute over an alleged contract. Plaintiff, 4D Life LLC, is a Louisiana company[3] that sells nutritional energy powders.[4] Defendant, Barrington Packaging Systems Group, Inc., is a Delaware company[5] that allegedly sold faulty packing machinery to plaintiff.[6]

Jason Navarro, 4D's president, submitted an affidavit[7] stating that negotiations between the parties began in June 3, 2019, when he and defendant's representative, George Burny, met at the International Food Trade Conference in New Orleans.[8] During the course of subsequent discussions, Navarro attests that the parties reached an oral agreement in which defendant would manufacturer and deliver its machinery subject to certain terms and conditions, including that all parts would be manufactured in the United States,[9] and delivery would occur by Thanksgiving, 2019.[10]

Navarro contends that defendant did not comply with those terms. According to Navarro's affidavit, defendant did not deliver the equipment in

---

3   R. Doc. 1 at ¶ 2.
4   R. Doc. 17-1 at 1, ¶ 4.
5   R. Doc. 1 at ¶ 1,
6   *Id.* at 4, ¶ 33.
7   R. Doc. 17-1 at 1.
8   *Id.* at 1-2, ¶¶ 6-7.
9   *Id.* at 2, ¶ 8, 10.
10  *Id.* at ¶ 10.

full until February 3, 2020.[11] Navarro also attests that the equipment never functioned properly, remains unused, and did not comply with the specifications that the parties had discussed.[12]

Navarro attests that no written contract exists between the parties and that the parties' agreement was the oral agreement alleged in the complaint.[13] In contrast, Barrington submits evidence of a written proposal it sent to plaintiff on September 25, 2019,[14] which defendant contends is a written contract memorializing the parties' agreement.[15] In these motions, defendant invokes the terms of the written proposal to argue that the Court must dismiss this action for lack of jurisdiction or for failure to state a claim.

## II. CONVERTING TO RULE 56

Defendant moves under Rule 12(b)(1) and 12(b)(6). Ordinarily, under Rule 12(b)(1), the Court is not limited to considering the pleadings or undisputed facts, and it may resolve disputed facts to satisfy itself of jurisdiction. *See In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020). But an exception to this general rule applies "when the issue of jurisdiction

---

[11]    *Id.* at 5, ¶ 23.
[12]    *Id.* at 6, ¶ 25.
[13]    *Id.* at 2-3, ¶ 10; *see* R. Doc. 1 at 2, ¶ 3.
[14]    R. Doc. 7-2 at 5.
[15]    *See* R. Doc. 7-1 at 3.

3

is intertwined with the merits." *M.D.C.G. v. United States*, 956 F.3d 762, 768 (5th Cir. 2020). In such cases, the Court must "deal with the objection as a direct attack on the merits of the plaintiff's case under either Rule 12(b)(6) or Rule 56." *Id.* at 768–69 (quoting *Montez v. Dep't of Navy*, 392 F.3d 147, 150 (5th Cir. 2004)).

To determine whether the exception applies, the Court looks "to the extent to which the jurisdictional question is intertwined with the merits." *S. Recycling, L.L.C.*, 982 F.3d at 380. In *In re Southern Recycling, L.L.C.*, the Fifth Circuit discussed the "intertwined with the merits" exception and noted that there is no "clear test" to apply, but that courts may consider whether "the jurisdictional issue can be extricated from the merits and tried as a separate issue." *Id.*

Here, the jurisdictional issue cannot be extricated from the merits. Ostensibly, the question raised by defendant's Rule 12(b)(1) motion is whether plaintiff can satisfy the amount-in-controversy requirement for diversity jurisdiction. *See* 28 U.S.C. § 1332(a) (stating that the amount in controversy in diversity cases must "exceed[] the sum or value of $75,000"). Barrington contends that the parties agreed to a provision in the September 25 proposal that limits defendant's liability to the price of the equipment

4

sold, *i.e.*, $38,000.[16] It therefore argues that the amount in controversy is not satisfied in this case. In contrast, plaintiff argues that a purely oral agreement controls, and that the terms of that agreement did not include the limitation clause.[17]

But resolving this question would not be limited to the limitation-of-liability clause, or whether plaintiff can prove damages exceeding $75,000. Instead, the Court would be forced to decide what form the parties' contract took, and what terms it included. In other words, the Court would be deciding the primary dispute between the parties in this case. For this reason, the Court finds that the jurisdictional issue cannot be extricated from the merits. *Cf. S. Recycling*, 982 F.3d at 380. The Court finds that defendant's jurisdictional attack is intertwined with the merits of the case.

Defendant also raises a Rule 12(b)(6) defense, arguing that plaintiff failed to state a claim because of an arbitration clause.[18] Under Rule 12(d), if "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). The parties must have a reasonable opportunity to present all material pertinent to the motion, and have "sufficient notice"

---

[16]   R. Doc. 7-1 at 7.
[17]   R. Doc. 17-1 at 1.
[18]   *See* R. Doc. 7-1 at 12-15.

5

that the motion is being converted. *Allen v. Hays*, 812 F. App'x 185, 190 (5th Cir. 2020). Here, both parties filed documents beyond the pleadings with their briefs. Under these circumstances, the parties had an "objective reason to believe [the documents] might be considered by the [C]ourt." *Id.* The Court finds that the parties had sufficient notice and a reasonable opportunity to present all pertinent material. The Court considers defendant's motions under Rule 56.

## III. LEGAL STANDARD

### A. Rule 56

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or

6

affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). The nonmoving party can then defeat the motion by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by

7

pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322 (emphasis added))).

## IV. DISCUSSION

Under Louisiana law, a valid contract requires capacity, consent, a lawful cause, and a valid object. *See Granger v. Christus Health Central Louisiana*, 144 So. 3d 736, 760-61 (La. 2013); *see also* La. Civ. Code arts. 1918, 1927, 1966, 1971. The parties agree that a contract exists in this case.[19] But they disagree on the form of the contract and the terms it contains.

---

19    *Compare* R. Doc. 7-1 at 7 *with* R. Doc. 17 at 5.

8

Defendant argues that the parties' contract is memorialized in a written proposal that it sent to plaintiff on September 25, 2019.[20] Defendant invokes two clauses in that proposal: one that would limit Barrington's liability to $38,000,[21] and one that requires arbitration of disputes.[22] In contrast, plaintiff asserts that the parties reached a purely oral agreement on September 24, 2019, and argues that the contract did not include the terms that defendant relies on.[23]

Consent is "established through offer and acceptance." La. Civ. Code art. 1927. Unless the law requires otherwise, "offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent." *Id.* In other words, consent may be express or implied. *See Wilson v. Two SD, LLC*, 186 So. 3d 103, 109 (La. App. 1 Cir. 2015).

Defendant argues that plaintiff expressly accepted the terms of the written proposal.[24] Specifically, defendant points to an email[25] that Navarro sent on September 24, 2019. In the email, Navarro asked defendant to

---

[20] R. Doc. 7-1 at 7.
[21] R. Doc. 7-2 at 12, ¶ 15 ("In no case shall the Seller's liability exceed the cost of the original equipment and/or service provided by the Seller.").
[22] *Id.* at ¶¶ 15-16.
[23] *See* R. Doc. 17-1 at 2-3, ¶ 10.
[24] R. Doc. 7-1 at 3.
[25] R. Doc. 7-2 at 4.

9

"revise the [September 23] Proposal to the highlighted items" and stated that 4D would be "[g]oing forward with the stick machine, [d]ate printer, conveyor[,] and installation training."[26]  Defendant contends that it submitted a revised proposal on September 25, which is the agreement.[27]  It is undisputed that 4D did not sign or acknowledge the September 25 proposal.[28]  In defendant's view, Navarro's email indicates agreement to the terms of the September 23 proposal, subject to the requested revisions.[29] Navarro's email is at least ambiguous.  There is no revised proposal signed by Navarro, and there is no explanation as to what Navarro meant in the email when he asked defendant to "revise" the proposal "to the highlighted items." *Cf. Ballard v. XTO Energy, Inc.*, 784 F. Supp. 2d 635, 640 (W.D. La. 2011) (finding that an email stating that a party was "pleased to be moving forward" with an agreement "memorializes that the parties have agreed on certain key terms and will continue to negotiate on others" but is neither an acceptance nor a counteroffer).  Moreover, Navarro denies in his affidavit that the written proposal represented the parties' agreement.[30]  The Court

---

[26]   *Id.*
[27]   R. Doc. 7-1 at 9; R. Doc. 7-2 at 2.
[28]   R. Doc. 7-2 at 2; R. Doc. 17-1 at 4, ¶ 18.
[29]   R. Doc. 7-1 at 3.
[30]   R. Doc. 17-1 at 2, 4 ¶¶ 9, 18.

finds that an issue of fact remains as to whether the September 25 proposal is the contract between the parties.

Defendant also contends that plaintiff impliedly consented to the terms of the proposal.[31] But for implied consent, the relevant "action or inaction" must "clearly" indicate consent. La. Civ. Code art. 1927. Here, plaintiff submitted evidence tending to show that the parties acted *contrary* to the terms of the written proposal. Specifically, the proposal provides that a 60% down payment was due at the time the order was placed, and 40% was due upon delivery.[32] But Navarro attests that 4D made payment in full on October 2, 2019 upon the execution of a financing agreement.[33] Because of this difference between the written proposal and the parties' conduct, the Court finds that an issue of fact remains as to whether plaintiff impliedly consented to the terms of the written proposal.

Additionally, plaintiff submitted evidence that supports its position that the terms of the parties' agreement differed from the terms set out in the proposal. Navarro attests that, in discussions, the parties unequivocally reached an agreement that the equipment would be delivered by November

---

[31] R. Doc. 7-1 at 9-11.
[32] R. Doc. 7-2 at 9.
[33] R. Doc. 17-1 at 3, ¶ 13; *see* R. Doc. 7-2 at 14.

28, 2019.[34] But the proposal contains a waiver stating that any delivery date "is an estimate only and time shall not be deemed to be of the essence."[35] Also, Navarro swears that the parties agreed that all equipment would be manufactured in the United States, and that "4D did not consent to equipment manufactured in China or any other country."[36] The proposal provides that components would be "supplied by many vendors."[37] Based on the evidence submitted by 4D, the Court finds that a dispute of material fact exists as to whether 4D agreed to the September 25 proposal.

Finally, in an argument that defendant raises for the first time in its reply brief, defendant contends that the Court should apply the doctrine of equitable estoppel to enforce the terms of the written proposal.[38] The Court declines to consider this argument because defendant failed to raise it in its motion. *See RedHawk Holdings Corp. v. Schreiber*, No. 20-30157, 2020 WL 6683017, at *2 (5th Cir. Nov. 12, 2020) ("Generally, neither [the Fifth Circuit] nor the district courts of [the Fifth Circuit] circuit will 'review arguments raised for the first time in [a] reply brief.'" (quoting *Peteet v. Dow*

---

34     R. Doc. 17-1 at 4, ¶ 15.
35     R. Doc. 7-2 at 10, ¶ 3.
36     R. Doc. 17-1 at 3-4, ¶ 14.
37     R. Doc. 7-2 at 8.
38     R. Doc. 21 at 8.

*Chem. Co.*, 868 F.2d 1428, 1437 (5th Cir. 1989) and citing *Springs Indus., Inc. v. Am. Motorists Ins. Co.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991)).

Defendant's motions are predicated on enforcement of the terms of the September 25 proposal. Because the Court finds that there is a genuine dispute of material fact as to whether 4D agreed to that proposal, the Court must deny the motions.

## V. CONCLUSION

For the foregoing reasons, the Court DENIES defendant's motions.

New Orleans, Louisiana, this __14th__ day of January, 2021.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE